ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 18 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JACQUELINE E. BUTLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:02-CV-1811-M |
| § | |
| MUNSCH HARDT KOPF & HARR, P.C., § | |
| MARC A. HUBBARD, and § | |
| WEI WEI JEANG, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order Referring Motion, entered January 5, 2005, Plaintiff Jacqueline E. Butler's ("Plaintiff") Motion to Quash Bill of Costs Submitted by Defendants ("Motion to Quash"), filed December 27, 2004, has been referred to the United States Magistrate Judge for proposed findings and recommendations for the disposition of the motion. Defendants Munsch Hardt Kopf & Harr, P.C., Marc A. Hubbard, and Wei Wei Jeang (collectively "Defendants") have filed Response to Plaintiff's Motion to Quash Bill of Costs Submitted by Defendants ("Response") or, in the Alternative, Motion for Order Permitting Late Filing of Bill of Costs ("Motion for Late Filing") on January 4, 2005. This Court has considered the Motion to Quash, the Response, the Motion for Late Filing, and the applicable law. For the reasons stated below, this Court recommends that Plaintiff's Motion to Quash be **DENIED**, and that Defendants' Motion for Late Filing be **GRANTED**.

I.   **Background**

This case involves an employment discrimination action filed by Plaintiff against

Defendants. On November 3, 2004, the District Court entered a memorandum opinion and order denying Plaintiff's Amended Motion to Vacate the Arbitrator's Award and granting Defendants' Application for Order Confirming Arbitration Award. The District Court's final judgment for this case was subsequently entered on November 10, 2004, wherein the District Court stated that Defendants were to recover their taxable costs from Plaintiff. Defendants filed their bill of costs on December 15, 2004. Plaintiff thereafter filed her untimely[1] Motion to Quash on December 27, 2004, on the basis that Defendants' bill of costs was untimely.

## II. Analysis

Although Plaintiff's objections are untimely, the five-day period for requesting review under FRCP 54(d)(1) is not jurisdictional, and consequently, the Court may review the costs issue at its discretion. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 n.6 (5th Cir. 1990) (citations omitted).

Plaintiff asserts that pursuant to Local Rule 54.1, Defendants' bill of costs should have been filed within 14 days of the District Court's entry of the Final Judgment. (Pl.'s Mot. to Quash at 1); *See* Local Rule 54.1 ("Unless otherwise provided by statute or by order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk enters the judgment on the docket."). Local Rule 54.1 became effective on September 1, 2002, and the District Court directed that the rule be applied to all subsequently filed cases and to then pending actions insofar as it was just and practicable. Special Order No. 2-54. Since this action was filed in the District Court on August

---

[1] Plaintiff's Motion to Quash would have been timely filed on December 23, 2004, because under Federal Rule of Civil Procedure ("FRCP") 54(d)(1), Plaintiff had five days from December 16, 2004, the date of the taxation of the costs, and under FRCP 6(a), weekends are excluded from the computation.

2

22, 2002, prior to the effective date of Local Rule 54.1, this rule does not apply unless the District Court determines that it would be just and practicable to do so.

"[T]he general rule [is] that courts apply procedural rules as they exist at the time of the decision, as long as no manifest injustice results." *In re Jones*, 970 F.2d 36, 38 (5th Cir. 1992) (citing *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 9 (5th Cir. 1992)). Defendants assert that they submitted the bill of costs as soon as possible and that their delay was caused by the voluminous amount of records that needed to be reviewed before they were able to calculate their costs. (Defs.' Resp. at 1-2.) Defendants also state that they took great caution to abide by their stipulation to not place any arbitration costs on Plaintiff. (Defs.' Resp. at 2.) However, it does not appear that Defendants have any valid reasons as to why they did not ask the District Court for an extension to file their bill of costs before November 24, 2004, the date on which their bill of costs would have been timely. Once they became aware that the voluminous amount of records would likely preclude them from filing their bill of costs in a timely manner, Defendants could have asked the District Court for an extension. Instead, Defendants simply filed their bill of costs 35 days after the entry of the final judgment, rather than within the 14 days required by Local Rule 54.1.

Further, although Local Rule 54.1 took effect 10 days after the filing of this case in the District Court, the rule was in effect for approximately 2 years prior to Defendants' filing of their bill of costs. Therefore, it does not appear that Defendants can assert that they were unfairly surprised by the applicability of the rule.[2] *See Belser*, 965 F.2d at 10 ("[W]hen 'new and

---

[2] Defendants also have not asserted that they believed that Local Rule 54.1 was not applicable in this case. They simply asserted that they were precluded from filing their bill of costs in a timely manner for the reasons mentioned above. (Defs.' Resp. at 1-2.)

3

unanticipated obligations may be imposed upon a party without notice or an opportunity to be heard,' then a court is most likely to find that retroactive application of a statute would result in manifest injustice.") (citation omitted). Thus, it does not appear that manifest injustice will result if Local Rule 54.1 is applied in this case.

Plaintiff on the other hand, also has not shown that she was prejudiced by the Defendants having filed their bill of costs beyond the 14 days required by Local Rule 54.1.[3] Rather, Plaintiff simply asserts that the District Court is precluded from considering the bill of costs because of Defendants' untimely filing. (Pl.'s Mot. to Quash at 1.) On the contrary, "district courts have considerable latitude in applying their own rules." *Quarles*, 894 F.2d at 1488 (citing *Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1167 n.5 (5th Cir. 1981)).

Given that Defendants had to perform extensive research before submitting their bill of costs, it seems likely that the District Court would have granted an extension of time if one was requested prior to the expiration of the 14 days after the judgment had been entered. Moreover, Plaintiff was put on notice that Defendants would seek to recover their costs, since the District Court explicitly stated in the final judgment that Defendants were to recover their costs from Plaintiff. In sum, it does not appear that Plaintiff was prejudiced by the Defendants having filed their bill of costs 21 days after the time limit set by Local Rule 54.1.

Since Plaintiff does not appear to have been prejudiced by Defendants' late filing of their bill of costs, and also since the District Court directed in its final judgment that Defendants were to recover their costs from Plaintiff, Defendants' Motion for Late Filing should be granted.

---

[3] Plaintiff states that the District Court's final judgment was entered on the docket on November 9, 2004. (Pl.'s Mot. to Quash at 1.) The final judgment was signed and filed on November 9, 2004, but the docket indicates that the final judgment was not entered until November 10, 2004.

4

### III.     Conclusion

For the reasons stated above, this Court recommends that Plaintiff's Motion to Quash be DENIED, and that Defendants' Motion for Late Filing be **GRANTED**.

**SO RECOMMENDED.** April 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE